Donald S. Burris (SBN 68523)
Richard E. Walden (SBN 108646)
Laura G. Brys (SBN 242100)
BURRIS, SCHOENBERG & WALDEN, LLP
12121 Wilshire Boulevard, Suite 800
Los Angeles, California 90025
Telephone: (310) 442-5559
Facsimile: (310) 442-0353

Attorneys for Plaintiffs WILLIAM BLOCK and CARSON BLOCK

FILED
10 JUN 23 PM 1:54
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: [signature]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BLOCK, an individual; CARSON BLOCK, an individual;<br><br>Plaintiffs,<br><br>vs.<br><br>AUGME TECHNOLOGIES, INC. fka MODAVOX, INC., a Delaware corporation; and Does 1-10, inclusive;<br><br>Defendants. | **Case No. CV 09-9503 DSF (AGRx)**<br>(The Honorable Dale S. Fischer)<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>1. BREACH OF WRITTEN CONTRACT;<br>2. BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;<br>3. DECLARATORY RELIEF;<br>4. INJUNCTIVE RELIEF.<br><br>[DEMAND FOR JURY TRIAL]<br><br>Complaint filed: December 29, 2009 |

Plaintiffs WILLIAM BLOCK and CARSON BLOCK, as and for their First Amended Complaint state as follows:

THE PARTIES

1. Plaintiff WILLIAM BLOCK ["WB] is an adult individual who currently resides and at all times herein mentioned did reside in the County of Los Angeles, State of California.

2. Plaintiff CARSON BLOCK ["CB"] is an adult individual who currently resides in Shanghai, China.

3. Plaintiffs are informed and believe and on that basis allege that defendant AUGME TECHNOLOGIES, INC. is a publicly traded corporation organized and existing under the laws of the State of Delaware with its principal place of business located in New York, New York, and that AUGME TECHNOLOGIES, INC. changed its name in or about December, 2009 and was formerly known as MODAVOX, INC. and changed its name in or about December of 2009. Defendant AUGME TECHNOLOGIES, INC. will be referred to herein as "MODAVOX."

JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction based on the complete diversity of citizenship of the parties pursuant to 28 U.S.C. Section 1332.

5. This Court has personal jurisdiction over Defendant MODAVOX because the entity generally does business in this State and specifically has dealt with Plaintiffs and committed the breaches of contract and other actions described in this First Amended Complaint within the forum state.

6. Venue is appropriate in this district pursuant to 28 U.S.C. 1391(a).

BACKGROUND FACTS

7. On or about March 13, 2008, W.A.B. Capital, LLC ["WAB"], a California limited liability company of which WB was the sole member and manager, entered into a written Research and Warrant Assignment Agreement ["WAA"] with Huntington Chase, Ltd and Plethora Partners, LLC [collectively referred to herein as the "Holders"]. Plaintiffs are informed and believe and thereon

allege that Holders were the owners of stock warrants entitling each of them to purchase up to 1,500,000 shares of MODAVOX's common stock at a strike price of $1.25 per share. Pursuant to the WAA, Holders assigned a portion of said warrant to WAB such that WAB was entitled to purchase 240,000 of said 1,500,000 shares of MODAVOX.

8. On or about April 22, 2008, WAB assigned a portion of said right to 240,000 shares of MODAVOX to an independent entity, leaving WAB with warrant rights entitling WAB to purchase 149,100 shares of MODAVOX common stock for $1.25 each.

9. For internal business purposes, WAB subsequently assigned the referenced warrant rights in said 149,100 shares to WB and CB such that WB was entitled to 97,850 shares of MODAVOX and CB was entitled to 51,250 shares.

10. In or about May 2008, MODAVOX issued a total of four (4) warrants to WB and CB, which warrants reflected the apportionment of shares described in the preceding paragraph. The initially issued warrants improperly omitted the registration provision contained in Holders' warrants. On or about June 28, 2008, after repeated demands by Plaintiffs, MODAVOX issued corrected warrants which contained the requested registration provision at Section 7.4. These four warrants issued by MODAVOX were in the form of the following Common Stock Purchase Warrants:

A. Common Stock Purchase Warrant No. PPARTERS1 to WB for 48,925 shares, a true and correct copy of which is attached hereto as Exhibit "A" and incorporated herein by this reference as thought fully set forth at length;

B. Common Stock Purchase Warrant No. CHASE1 to WB for 48,925 shares, a true and correct copy of which is attached hereto as Exhibit "B" and incorporated herein by this reference as thought fully set forth at length;

   C. Common Stock Purchase Warrant No. PPARTERS2 to CB for 25,625 shares, a true and correct copy of which is attached hereto as Exhibit "C" and incorporated herein by this reference as thought fully set forth at length;

D. Common Stock Purchase Warrant No. CHASE2 to CB for 25,625 shares, a true and correct copy of which is attached hereto as Exhibit "D" and incorporated herein by this reference as thought fully set forth at length.

11. The communications between WB and CB, on the one hand, and MODAVOX, on the other hand, regarding the issuance of the four Common Stock Purchase Warrants described above were conducted primarily by WB from Los Angeles, California, and from Los Angeles by representatives of both WB and CB. The four Common Stock Purchase Warrants described above were in turn delivered electronically by MODAVOX to WB and CB in Los Angeles.

12. Each of the above-described four Common Stock Purchase Warrants contains the following section:

> "7.4. The Company shall use its best efforts to effect as soon as practicable, and in any event within one hundred eighty (180) days of the execution of this agreement, the registration under the Securities of all Registrable Securities which the Holder requests to be registered within this agreement."

FIRST CLAIM FOR RELIEF FOR

BREACH OF CONTRACT

(Against All Defendants)

13. Plaintiffs repeat and reallege each and every allegation contained in the above paragraphs 1 through 12, inclusive, and by this reference incorporate the same herein as though fully set forth at length.

14. The shares reflected in the Common Stock Purchase Warrants were to have been registered by MODAVOX by July 14, 2008. MODAVOX failed and

refused to so register them, and thereafter Plaintiffs, and each of them, made numerous demands on MODAVOX to register the shares reflected in the subject Common Stock Purchase Warrants.

15. Plaintiffs wanted the shares to be registered, so that they could freely sell the shares at an anticipated profit. The strike price under the Common Stock Purchase Warrants is $1.25. Plaintiffs desired to sell the shares at their highest price in order to maximize their profit. Based on their review and valuation of MODAVOX, Plaintiffs intended to sell the shares at what Plaintiffs anticipated (based on their read of short-term trading trends) would be the shares' highest price, on the condition said price was not less than $3.50 per share. The Plaintiffs intended to take advantage of the numerous opportunities to sell their shares during the period between March and September 2009. The highest closing price that MODAVOX's shares traded at between January 2009 and May 31, 2010 was $4.35 on June 19, 2009.

16. In furtherance of their bona fide intent to sell the shares and to profit from the sale, Plaintiffs took various actions to have the shares registered, including, but not limited to:

    a. In January 2009, Plaintiffs sent three e-mails to David J. Ide, then serving as President of MODAVOX, to remind him of the company's obligation to commence the registration process for the shares;

    b. In April 2009, Plaintiffs hired their current counsel, Burris, Schoenberg & Walden, LLP, and directed the firm to engage in negotiations with MODAVOX seeking to have their shares registered;

    c. On April 15, 2009, Plaintiffs' counsel sent a certified letter to MODAVOX's securities counsel, requesting that the shares be

immediately registered [the closing price for the stock on April 15 was $3.19];

    d. On May 14, 2009, Plaintiffs sent an e-mail to Shelly Meyers, current Chairwoman of the Board of Directors, requesting further status on the registration of their shares [the closing price for the stock on May 14 was $3.89];

    e. On May 22, 2009, Plaintiffs' counsel sent a certified letter to MODAVOX, requesting that the shares be immediately registered [the closing price for the stock on May 22 was $3.44];

    f. In June of 2009, Plaintiffs' counsel sent various communications to MODAVOX's then-current counsel, further requesting that the shares be immediately registered [the average closing price for the stock in June was $3.97]; and

    g. In July and October of 2009, Plaintiffs counsel had further communications with MODAVOX's then-current counsel, further requesting that the shares be immediately registered [the average closing price for the stock in July and October was $3.84 and $2.85, respectively].

17. Despite these demands, MODAVOX failed and refused, and continues to fail and refuse, to register the shares reflected in the subject Common Stock Purchase Warrants.

18. Plaintiffs, and each of them, have done everything required of them under the subject Common Stock Purchase Warrants.

19. MODAVOX has breached the subject Common Stock Purchase Warrants, and each of them, by, among other things, failing and refusing to register the shares reflected therein.

20. By reason of said breach by MODAVOX, Plaintiffs, and each of them, have been damaged in an amount to be established according to proof at trial, which

amount Plaintiffs are informed and believe is not less than $400,000.00 based on the fact that had Plaintiffs sold their shares at the stock's highest trading price of $4.38, they would have realized a profit of $466,683, together with interest thereon at the legal rate from and after the date of breach.

21. Plaintiffs are informed and believe and thereon allege that as a further direct and proximate result of said breach by MODAVOX, Plaintiffs, and each of them, have suffered substantial consequential and incidental damages in an amount to be established according to proof at trial.

SECOND CLAIM FOR RELIEF FOR

CONTRACTUAL BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

(Against All Defendants)

22. Plaintiffs repeat and reallege every allegation contained in the above paragraphs 1 through 21, inclusive, and by this reference incorporate the same as though fully set forth at length herein.

23. Implied in each of the subject Common Stock Purchase Warrants under applicable legal principles was a covenant of good faith and fair dealing which included, inter alia, covenants by MODAVOX to: (i) act reasonably, fairly, promptly, and in good faith in connection with said warrants and, in particular, in connection with registering the underlying shares; and, (ii) to not act in a manner which would unreasonably deprive Plaintiffs of the benefits to be derived from the subject Common Stock Purchase Warrants.

24. Plaintiffs are informed and believe and thereon allege that MODAVOX breached the implied covenant of good faith and fair dealing by, among other things, (i) failing and refusing and continuing to fail and refuse to register the subject shares; and (ii) delaying and otherwise acting dilatorily in issuing to Plaintiffs the proper form of the Common Stock Purchase Warrants.

25. Plaintiffs are informed and believe and thereon allege that as a direct and proximate result of the breaches of the implied covenant of good faith and fair dealing as herein alleged, there is now due, owing and unpaid from defendant MODAVOX to Plaintiffs a principal sum of not less than $400,000.00 based on the fact that had Plaintiffs sold their shares at the stock's highest trading price of $4.38, they would have realized a profit of $466,683, together with interest thereon at the legal rate from and after the date of breach.

26. As a further and direct proximate result of the breaches of the implied covenant of good faith and fair dealing as herein alleged, Plaintiffs, and each of them, have suffered consequential and incidental damages in an amount to be shown according to proof at trial.

THIRD CLAIM FOR RELIEF FOR

DECLARATORY RELIEF

(Against All Defendants)

27. Plaintiffs repeat and reallege each and every allegation contained in the above paragraphs 1 through 26, inclusive, and incorporate the same as though fully set forth herein.

28. An actual controversy has arisen and exists between Plaintiffs, and each of them, and Defendant MODAVOX relating to the legal rights and duties of the respective parties arising out of the subject Common Stock Purchase Warrants in that:

A. Plaintiffs, and each of them, contend that:

1. MODAVOX is obligated and has a duty to promptly and efficiently register the subject shares; and,

2. MODAVOX is obligated to compensate Plaintiffs, and each of them, for any and all losses, including diminution in value of the subject shares, as a result of any delays in their prompt and efficient registration; while

  B. Defendant MODAVOX contends that:

1. It is not obligated, nor does it have a duty, to promptly and efficiently register the subject shares; and,

2. It is not obligated to compensate Plaintiffs, or either of them, for any and all losses, including diminution in value of the subject shares, as a result of any delays in their prompt and efficient registration.

29. Plaintiffs, and each of them, seek a judicial declaration and determination that it be adjudged that Defendant MODAVOX immediately register, or cause to be registered the subject shares and that MODAVOX, deliver the shares to Plaintiffs, and pay to Plaintiffs, and each of them, all losses, including diminution in value of the shares, as a result of any delays in the prompt and efficient registration of the subject shares.

FOURTH CLAIM FOR RELIEF FOR

INJUNCTIVE RELIEF

(Against All Defendants)

30. Plaintiffs repeat and reallege each and every allegation contained in the above paragraphs 1 through 29, inclusive, and incorporate the same as though fully set forth herein.

31. The ability to register the subject shares is and was at all relevant times solely and exclusively within the control of MODAVOX.

32. Plaintiffs have made repeated demands that MODAVOX register the subject shares, yet Plaintiffs are informed and believe and thereon allege that MODAVOX has failed and refused, and continues to fail and refuse, to do so.

33. Plaintiffs, and each of them, are informed and believe and thereon allege that unless and until required to do so by order of this Court, defendant MODAVOX will continue to refuse to register the subject shares.

34. Plaintiffs, and each of them, are informed and believe and thereon allege that MODAVOX's continued refusal to register the subject shares will cause them, and each of them, great and irreparable injury in that, among other things, the market price for the subject shares will decline, and Plaintiffs, and each of them, will be unable to sell or otherwise transfer the subject shares as, when and how they choose to.

35. Plaintiffs, and each of them, have no adequate remedy at law for the injuries being suffered as a result of defendant MODAVOX's conduct because the loss of the ability to sell or otherwise transfer the subject shares is difficult to quantify and cannot adequately be compensated by legal damages.

WHEREFORE, Plaintiffs, and each of them, pray for judgment against MODAVOX and DOES 1 through 10, as follows:

1. On the First Cause of Action:

A. For damages for breach of contract in a principal sum according to proof at trial, but reasonably believed to be not less than $400,000.00;

B. For interest thereon at the legal rate from and after the date of breach;

C. For consequential and incidental damages in an amount to be established according to proof at trial;

2. On the Second Cause of Action:

A. For damages for breach of the implied covenant of good faith and fair dealing in a principal sum according to proof at trial, but not less than $400,000.00;

B. For interest thereon at the legal rate from and after the date of breach;

C. For consequential and incidental damages in an amount to be established according to proof at trial;

3. On the Third Cause of Action for a judicial declaration of the rights and duties of the parties in connection with the Common Stock Purchase Warrants, which would include declarations that:

A. MODAVOX has the obligation and duty to promptly and efficiently register the subject warrants; and,

B. MODAVOX is obligated to compensate Plaintiffs, and each of them, for any and all losses, including diminution in value of the subject shares, as a result of any delays in their prompt and efficient registration.

4. On the Fourth Cause of Action, for temporary, preliminary and permanent injunctive relief (i) requiring Defendant MODAVOX to promptly and efficiently register, or cause to be registered, the subject shares; and, (ii) enjoining Defendant MODAVOX, DOES 1 through 10, inclusive, and their agents, servants, employees, representatives, and all persons and entities acting under, in concert with, or for them, during the pendency of this action, and permanently thereafter, from failing and refusing to promptly and efficiently register, or cause to be registered, the subject shares;

5. For such other and further relief as the Court may deem just and proper.

JURY TRIAL DEMANDED

Plaintiffs, and each of them, hereby demand a trial by jury of all issues so triable.

Dated: June 21, 2010

BURRIS, SCHOENBERG & WALDEN LLP

By: ______________________
Laura G. Brys
Attorneys for Plaintiffs
WILLIAM BLOCK and CARSON BLOCK

**PROOF OF SERVICE**

F.R.C.P. 5 / C.C.P. 1013a(3)/ Rules of Court, Rule 2060

I am a resident of, or employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to this action. My business address is: Burris, Schoenberg & Walden LLP, 12121 Wilshire Boulevard, Suite 800, Los Angeles, California 90025.

On **June 22, 2010,** I served the following listed document(s), by method indicated below, on the parties in this action: **FIRST AMENDED COMPLAINT** on:

David R. Shaub, Esq.
Stephen D. Morgan, Esq.
Shaub & Williams LLP
12121 Wilshire Boulevard, Suite 205
Los Angeles, CA 90025
Telephone: 310-826-6678

Augme Technologies, Inc.
c/o Incorporation Services, LTD
3500 South Dupont Highway
Dover, DE 19901

√ **BY U.S. MAIL**

By placing □ the original / ☑ a true copy thereof enclosed in a sealed envelope(s), with postage fully prepaid, addressed as per the attached service list, for collection and mailing at Burris & Schoenberg in Los Angeles, California following ordinary business practices. I am readily familiar with the firm's practice for collection and processing of document for mailing. Under that practice, the document is deposited with the United States Postal Service on the same day in the ordinary course of business. I am aware that upon motion of any party served, service is presumed invalid if the postal cancellation date or postage meter date on the envelope is more than one day after date of deposit for mailing contained in this affidavit.

□ **BY ELECTRONIC SERVICE (via electronic filing service provider)**

By electronically transmitting the document(s) listed above to LexisNexis File and Serve, an electronic filing service provider, at www.fileandserve.lexisnexis.com pursuant to the Court's __________ Order mandating electronic service. *See* Cal. R. Ct. R. 2053, 2055, and 2060. The transmission was reported as complete and without error.

√ STATE — I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

□ FEDERAL — I declare under penalty of perjury under the laws of the United States that I am employed in the office of a member of the bar of this court at whose direction the service is made.

Vaniesha Smith
Type or Print Name

[signature]
Signature