1 Donald S. Burris (SBN 68523)
2 Richard E. Walden (SBN 108646)
Laura G. Brys (SBN 242100)
3 BURRIS, SCHOENBERG & WALDEN, LLP
12121 Wilshire Boulevard, Suite 800
4 Los Angeles, California 90025
Telephone: (310) 442-5559
5 Facsimile: (310) 442-0353

6
Attorneys for Plaintiffs WILLIAM
7 BLOCK and CARSON BLOCK

8 Kathryn S. Diemer
Diemer, Whitman & Cardosi, LLP
9 75 E. Santa Clara Street
Suite 290
10 San Jose, CA 95113

11
Attorneys for Defendant AUGME
12 TECHNOLOGIES, INC. fka MODAVOX, INC.

13                UNITED STATES DISTRICT COURT

14
                CENTRAL DISTRICT OF CALIFORNIA
15

16

| | |
|---|---|
| 17  WILLIAM BLOCK, an individual;<br>CARSON BLOCK, an individual; | **Case No. CV 09-9503 DSF (AGRx)**<br>(The Honorable Dale S. Fischer) |
| 18 | |
| 19             Plaintiffs,<br>     vs. | **DISCOVERY MATTER** |
| 20  AUGME TECHNOLOGIES, INC.<br>fka MODAVOX, INC., a Delaware<br>corporation; and Does 1-10,<br>inclusive; | **PROTECTIVE ORDER ON STIPULATION TO ALLOW DESIGNATION OF CERTAIN RECORDS AS ATTORNEY'S EYES ONLY – CONDITIONALLY PROTECTED DOCUMENT WITHOUT WAIVER OF CERTAIN PROTECTIONS** |
| 24             Defendants. | |
| 25 | |
| 26 | [*Stipulation filed concurrently herewith*] |
| 27 | Complaint filed: December 29, 2009 |
| 28 | |

2799.002

[PROPOSED] PROTECTIVE ORDER ON STIPULATION TO ALLOW
DESIGNATION OF CERTAIN RECORDS AS ATTORNEY'S EYES ONLY –
CONDITIONALLY PROTECTED DOCUMENT WITHOUT WAIVER OF
CERTAIN PROTECTIONS

PROTECTIVE ORDER RE: DESIGNATION OF CERTAIN RECORDS AS ATTORNEY'S EYES ONLY – CONDITIONALLY PROTECTED DOCUMENT WITHOUT WAIVER OF CERTAIN PROTECTIONS IN BLOCK V. AUGME TECHNOLOGIES, INC. CENTRAL DISTRICT OF CALIFORNIA CASE NUMBER 09-9503

1.  PURPOSES AND LIMITATIONS:

Disclosure and discovery activity in this action appear to require production of confidential, proprietary, and private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted.  This may include the production of documents which may be subject to the attorney client privilege. Accordingly, the parties stipulated to the following, and requested that the Court enter the Protective Order to insure the continued protection of these confidential, and specifically to allow the production of potentially attorney client privileged materials so that the litigation can move forward. This Order does not confer blanket protections on all disclosures or responses to discovery.  The protection this order confers extends only to the limited information or items that are entitled under the applicable legal principles to be treated as confidential pursuant to the agreement contained herein.

2.  Any party which seeks to produce documents which might be subject to the attorney – client privilege or work product doctrine privileges, must produce a privilege log which identifies any documents which the party claims are subject to the privilege.  The privilege log must refer to each document which the party seeks to have covered by this protective order, by a separate Bates number.  With the respect to each such identified document, the producing party must mark the privilege log with an asterisk, if they intend to produce the document without waiving the attorney-client privilege or the work product doctrine protected

2

[PROPOSED] PROTECTIVE ORDER ON STIPULATION TO ALLOW DESIGNATION OF CERTAIN RECORDS AS ATTORNEY'S EYES ONLY – CONDITIONALLY PROTECTED DOCUMENT WITHOUT WAIVER OF CERTAIN PROTECTIONS

2799.002

document. Further the pages of each such document shall be marked ATTORNEY'S EYES ONLY – CONDITIONALLY PROTECTED DOCUMENT on each page of the document which the producing party wishes to maintain the protection.

3. The parties agreed that any producing party, who produces a document pursuant to paragraph two above, and which document is/are marked in accordance with the process identified in paragraph two above, shall NOT be deemed to have waived any privileges or protections that otherwise attach to an arguably protected document by virtue of their disclosure of that arguably protected document to the requesting party, who is a signatory to this agreement.

4. The parties further agreed that any document produced in accord with this protective order, and marked as ATTORNEY'S EYES ONLY- CONDITIONALLY PROTECTED DOCUMENT, shall not be provided disclosed to any person, other than personnel of the law firms who are signatory to this agreement, and counsel of record in this matter.

5. Any party disputing the designation of a document as ATTORNEY'S EYES ONLY – CONDITIONALLY PROTECTED DOCUMENT, must before seeking any Court ruling on the designation, request, in writing, reconsideration of the designation by the designating party, giving said designating party at least 10 business day to redesignate. Nothing in this agreement purports to, or intends to, or does, change any requirements to meet and confer required under the Federal Rules of Civil Procedure, the Local Rules of the Central District of California, or any other order of this Court.

6. Nothing in this agreement prohibits a party from designating a document attorney-client privileged, or work product doctrine protected, and not producing the document. However, this procedure is intended to allow the parties to

2799.002

3
[PROPOSED] PROTECTIVE ORDER ON STIPULATION TO ALLOW DESIGNATION OF CERTAIN RECORDS AS ATTORNEY'S EYES ONLY – CONDITIONALLY PROTECTED DOCUMENT WITHOUT WAIVER OF CERTAIN PROTECTIONS

resolve any doubts about the issue in favor of disclosure to allow the free flow of information as part of the discovery process.

7. Nothing in this agreement prohibits a party from seeking an order removing the protection of the ATTORNEY'S EYES ONLY – CONDITIONALLY PROTECTED DOCUMENT from a particular document, after meeting and conferring about the matter, in accord with the requirements set by the local rules of court and applicable code.

After review of the stipulation of the parties, this Court HEREBY ORDERS AS FOLLOWS:

The production of any and all documents which are produced pursuant to a privilege log, and identified as ATTORNEY'S EYES ONLY – CONDITIONALLY PROTECTED DOCUMENT shall not be deemed to have waived any attorney client privilege, or work product doctrine protection, unless such matter is taken up separately before the Court, in accord with the terms of this Stipulation, Local Court Rules, the Federal Rules of Civil Procedure and such case law, or other order by this Court as shall be applicable.

Dated: January 20, 2011

_____
Honorable Alicia G. Rosenberg
Central District of California

4
[PROPOSED] PROTECTIVE ORDER ON STIPULATION TO ALLOW DESIGNATION OF CERTAIN RECORDS AS ATTORNEY'S EYES ONLY – CONDITIONALLY PROTECTED DOCUMENT WITHOUT WAIVER OF CERTAIN PROTECTIONS

2799.002